UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION
CIVIL ACTION NO. 4:11:cv-210

| | | |
|---|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT FOR DECLARATORY JUDGMENT |
| ALLORA, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**NOW COMES** the Plaintiff, BUILDERS MUTUAL INSURANCE COMPANY, by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C § 2201, and alleges the following against the Defendant:

1. The Plaintiff, Builders Mutual Insurance Company (hereinafter "Builders Mutual" or "Plaintiff"), is incorporated in the State of North Carolina and has its principal place of business at 5580 Centerview Drive, Raleigh, North Carolina.

2. Allora, LLC (hereinafter "Allora" or "Defendant") is a South Carolina corporation with its principal place of business in Greenville, South Carolina, and a registered agent located at 409 Thornblade Boulevard, Greer, South Carolina.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C § 2201, Builders Mutual seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under a certain commercial general liability policy with respect to damages which have arisen as a result of the violation of copyrighted material owned by Allora. Builders Mutual insured Cambridge Builders, Inc. and Cambridge Builders of Johnston County (hereinafter referred to as

1

"Cambridge" or "the insureds") under a commercial general liability policy. Allora was awarded damages against Cambridge in a jury trial conducted in the United States District Court for the Eastern District of North Carolina as a result of Cambridge's violation of Allora's copyright in a set of building plans.

4. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. §1332(a)(1) and (c) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds the sum of $75,000.00.

5. This action properly lies in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(a)(2) and (3) in that jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or the judicial district where the Defendant is subject to personal jurisdiction at the time the action is commenced.

6. This action involves the interpretation of the commercial general liability insurance policy issued by a North Carolina insurance company, Builders Mutual, to Cambridge Builders, Inc. and Cambridge Builders of Johnston County, two North Carolina corporations.

7. Builders Mutual Insurance Company, Cambridge Builders, Inc., and Cambridge Builders of Johnston County are all North Carolina corporations located and doing business within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

8. All conditions necessary to enter into the contract of insurance between Builders Mutual and Cambridge Builders occurred within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

9. The dispute in the underlying action between Allora and Cambridge Builders involved copyright violations of a set of building plans owned by Allora that were used by Cambridge Builders to construct buildings in Garner, Wake County, North Carolina, and all violations of said copyright occurred within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

10. On or about 29 December 2004, Allora sold and delivered a compact disc containing the building plan known as the "Allora design #8001-ABC" to Cambridge Builders by regular mail to an address located in Clayton, Johnston County, North Carolina.

11. Allora voluntarily engaged in business within North Carolina by selling a copy of its copyrighted plans to a North Carolina company and delivering said plans to the company at an address located within North Carolina.

12. Allora filed a lawsuit against Cambridge Builders seeking damages for the copyright violations of the Allora design #8001-ABC in the United States District Court for the Eastern District of North Carolina.

13. Cambridge Builders subsequently filed for bankruptcy in June 2009, and Allora petitioned the United States Bankruptcy Court for the Eastern District of North Carolina for relief from the automatic stay in order to pursue these claims against Cambridge Builders, and as part of obtaining that relief, agreed only to pursue these companies to the extent that there was insurance coverage available under the North Carolina insurance policy issued by Builders Mutual to the North Carolina based insureds, Cambridge Builders, Inc. and Cambridge Builders of Johnston County.

## BACKGROUND

14. Allora is a company principally engaged in the business of developing and constructing single and multi-family residences, and it creates its own building plans and designs that are marketed through a company known as Donald A. Gardner Architects, Inc.

15. Allora created and registered with the United States Copyright Office an architectural work referenced as Design (Project) #0205-A that is also referred to by Allora as "Allora design #8001-ABC" (the "Allora Design").

16. On or about 29 December 2004, Allora sold and delivered by regular mail a compact disc containing the building plan known as the "Allora design #8001-ABC" to a North Carolina company named Cambridge Builders that is located in Clayton, Johnston County, North Carolina.

17. The building plan sold by Allora to Cambridge contained a licensing agreement that limited the use of the plans to a single structure to be constructed based on those plans, and Cambridge signed the licensing agreement on 4 January 2005, that provided in part that it is a "limited license … to construct only one building from these plans and this plan purchase."

18. Cambridge Builders constructed multiple structures from the Allora plans that Allora contended violated their copyrighted materials.

19. As a result of the copyright infringement, Allora instituted a lawsuit captioned, "<u>Donald A. Gardner Architects, Inc. and Allora, LLC, Plaintiffs v. Bryan Vanderpool, Grover Thomas Dees, Jr., William Dees by and through Denise S. Dees and Grover T. Dees as Representatives of the Estate of William D. Dees, Camrbidge Builders, Inc. and Camrbidge Builders of Johnston County, Inc.</u>, Civil Action No.: 5:08-CV-0590-HI, United States District Court for the Eastern District of North Carolina Western Division (Raleigh) (hereinafter "the Underlying Lawsuit")

20. Allora stipulated at the trial of the Underlying Lawsuit that Cambridge Builders obtained the limited license to build a single structure from the Allora Design.

21. On or about 22 March 2011, the United States District Court for the Eastern District of North Carolina granted Allora's motion for summary judgment finding that Allora owned a valid copyright in the Allora Design, and Cambridge Builders of Johnston County violated this copyright with its unauthorized copying and use of the Allora Design to build multiple structures.

22. After the entry of the Order allowing summary judgment in favor of Allora the sole remaining issue for trial in the Underlying Lawsuit was the amount of damages to be awarded as a result of the copyright violation, and this matter was tried before a jury starting on 28 November 2011.

23. On 29 November 2011, the jury returned a verdict in favor of Allora awarding damages in the amount of $99,565.00.

24. At all times relevant hereto, Builders Mutual had issued to Cambridge a commercial general liability insurance policy, policy number CPP 461, with an effective date commencing on 16 January 2005 and ending 16 January 2006, with subsequent annual renewals through 16 January 2009, when the policy was cancelled on 28 August 2009. A true and certified copy of the policies of insurance for Cambridge for the policy periods beginning 16 January 2005 through 16 January 2009 are attached hereto as **EXHIBITS A-D**, and are hereinafter referred to as the "Policy."

25. Builders Mutual has at all times provided a defense to Cambridge in connection with the Underlying Lawsuit.

26. Builders Mutual contends that the Policy does not provide coverage to Cambridge for any damages awarded in the Underlying Lawsuit against Cambridge arising from any

violation of Allora's copyrighted design known as Allora design #8001-ABC, including any attorney fees that might be awarded as a result of a violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and made part of the final judgment entered in the Underlying Lawsuit.

27. The Policy contains the following language:

***COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY***

*1.   Insuring Agreement*

    *a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.*

*\* \* \**

    *b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

*2.   Exclusions*

*This insurance does not apply to:*

    *a.   Knowing Violation of Rights of Another*

    *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"*

    *i.   Infringement of Copyright, Patent, Trademark Or Trade Secret*

    *"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.*

    *However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan*

*\* \* \**

***SECTION V- DEFINITIONS***

*1.   "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or*

6
Case 4:11-cv-00210-H   Document 1   Filed 12/06/11   Page 6 of 9

> *services for the purpose of attracting customers or supporters. For purposes of this definition:*
>
> *a.   Notices that are published include material placed on the Internet or on similar electronic means of communication; and*
>
> *b.   Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.*
>
> *\* \* \**
>
> *14.   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
>
> *\* \* \**
>
> *g.   Infringing upon another's copyright, trade dress or slogan in your "advertisement."*

28.   The claims directed at Cambridge by Allora in the underlying lawsuit arise directly and solely from the copyright violation of the Allora design #8001-ABC.

29.   The court in the Underlying Lawsuit expressly rejected Cambridge's claim that they were authorized to build multiple structures with the Allora design #8001-ABC, noting in its Order granting Allora's Motion for Summary Judgment dated 22 March 2011:

> **"Defendants argument that their purchase of the CD-Rom entitled them to construct multiple buildings based on the plan is not borne out by the evidence. In fact, it is refuted by the express language of the licensing agreement, which further states '[t]hat the computer disc … is … for the limited purpose of making modifications and producing a final set of construction documents to build this building <u>one time</u> and that the licensee will pay a reuse fee every time [it] want[s] to build additional building." (emphasis in original)**

30.   The violation of the Allora copyright was not part of any advertisement engaged in by Cambridge, and said violation that formed the basis of the claims asserted by Allora in the Underlying Lawsuit was a knowing violation of the Allora copyright.

31. A genuine, actual, and justiciable controversy between the parties to this action has arisen and presently exists concerning coverage afforded by Builders Mutual pursuant to the Policy, and Builders Mutual is entitled to a declaratory judgment as to its obligations and liabilities under the Policy.

32. Builders Mutual seeks a Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure that Builders Mutual has no obligation to indemnify Cambridge Builders under the Policy or otherwise provide any coverage under the Policy for any judgment entered against its insureds and in favor of Allora in the Underlying Lawsuit.

**WHEREFORE**, Builders Mutual prays to the Court:

1. For a Declaratory Judgment declaring the relative rights and obligations of the parties under the Policy;

2. For a Declaratory Judgment that Builders Mutual Insurance Company has no obligation to indemnify Cambridge Builders, Inc. or Cambridge Builders of Johnston County under the Policy or otherwise provide any coverage under the Policy for any judgment entered against its insureds and in favor of Allora, LLC in the Underlying Lawsuit;

3. That the costs of this action be taxed against the Defendant;

4. For a trial by jury on any issues so triable; and

5. For such other and further relief as the Court may deem just and proper.

This the 6th day of December, 2011.

PINTO COATES KYRE & BROWN, P.L.L.C.


/s/ John I. Malone, Jr.
John I. Malone, Jr.
N.C. State Bar No. 22180
David G. Harris II
N.C. State Bar No. 35327
3203 Brassfield Road
Greensboro, North Carolina 27410
Telephone:  336.282.8848
Facsimile:  336.282.8409
*Attorney for Builders Mutual Insurance Company*